Arguments—Opinion of the Court.  [69 Pa. Superior Ct.

even if such practical construction has been acquiesced in for a long period of the time: Sternbergh v. Brock, 225 Pa. 279.

The contract was severable: Hyndman Water Co. v. Hyndman Borough, 7 Pa. Superior Ct. 191.

PER CURIAM, April 22, 1918:

This case was carefully tried by able counsel before a judge and jury; after careful review, on the motion for a new trial the judgment was directed to be entered on the verdict. For the reasons given by the learned trial judge the judgment is affirmed.

---

## Swartz, Appellant, *v.* Shoemaker.

*Wills—Spendthrift trust—Codicil—Trusts and trustees.*

Where a testator by his will gives to his executor the whole of his estate to pay the net income therefrom to his son until the latter reaches the age of thirty-five years, and then to transfer to him the whole of the estate, with a further provision that the interest in the estate given to the son should not be liable for his debts, nor subject to anticipation or assignment, and thereafter testator by a codicil revokes the gift to his son upon his arriving at the age of thirty-five years, and directs that the executor shall hold the estate during the son's life, and pay to him "the net income thereof upon the terms and conditions set forth in said will," the spendthrift trust provisions contained in the will are extended so as to cover the interest of the son after he has passed the age of thirty-five years.

Argued March 7, 1918. Appeal, No. 14, March T., 1918, by plaintiff, from judgment of C. P. Luzerne Co., June T., 1916, No. 630, for defendant on case stated in suit of A. E. Swartz v. C. D. Shoemaker et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Case stated to determine whether the interest of

450, (1918).]        Opinion of Court below.

Charles D. Shoemaker under his father's will was pro-
tected by a spendthrift trust.

WOODWARD, P. J., filed the following opinion:

The question raised by the case stated is whether the
interest of Charles D. Shoemaker in a legacy given by the
will of his father, Frederick M. Shoemaker, to the Miners
Bank of Wilkes-Barre, in trust for him during his life,
is subject to an attachment execution issued on a judg-
ment obtained against him by the plaintiff, A. E. Swartz,
and levied on certain coal royalties in the hands of the
Miners Bank as Garnishee.

The facts as stated are as follows:

Frederick M. Shoemaker, late of Wilkes-Barre, Pa.,
died December 13, 1894, leaving a will dated February
20, 1892, seized of an interest as lessor in a certain coal
lease dated June 18, 1881, to John H. Swoyer, now as-
signed to the Wyoming Valley Coal Company; leaving
to survive him a widow, now deceased, and a son, Charles
D. Shoemaker, now living and over thirty-five years of
age.

Frederick M. Shoemaker's share of the rents and roy-.
alties due  under said lease are being paid to the Miners
Bank of Wilkes-Barre, the successor to the Anthracite
Savings Bank of Wilkes-Barre, the trustee named under
the will of decedent to receive and distribute them.

The trustee is now holding the sum of $149.80 in trust
for Charles D. Shoemaker, the defendant in this case,
under the terms and conditions of the will of said de-
cedent, subject to the effect and operation of an attach-
ment execution issued by the plaintiff on a judgment
against C. D. Shoemaker originally entered in the Pro-
thonotary's office of Luzerne County to No. 329, January
Term, 1899, and duly revived from time to time, the last
revival being May 25, 1914, to No. 615, March Term,
1914, to the amount of $6,613.87, with interest from May
21, 1914, costs and attorney's commission of ten per cent.

That the attachment execution issued on said judg-
ment is entered to No. 630, June Term, 1916, and has

been duly served upon the garnishee, with interrogatories, to which the answers have been postponed by agreement of counsel pending the disposition of this proceeding.

The question submitted for the determination of the court is thus stated:

"1. Whether the interest of said C. D. Shoemaker, cestui que trust, as aforesaid, under the will of said decedent, is liable for his debts and engagements, or is protected from the collection thereof by the terms of said will?"

If the court shall be of the opinion that the estate of said C. D. Shoemaker under said will is liable for his debts and engagements, then the court is respectfully requested to enter judgment in favor of the plaintiff and against the defendant and garnishee, as aforesaid. If the court shall be of the opinion that the estate of said C. D. Shoemaker under said will is protected from the collection of his debts and engagements, then the court is respectfully requested to enter judgment in favor of the defendant. The costs to follow the judgment and either party to have the right of appeal.

WM. S. McLEAN, JR.,
BAYARD HAND,
Attorneys for Plaintiff.

GILBERT S. McCLINTOCK,
Attorney for defendant, C. D. Shoemaker and Miners
Bank, Garnishee.

To the case stated is attached a copy of the will of Frederick M. Shoemaker, deceased, in which he gives, devises and bequeaths to his executors all his estate, real, personal and mixed, of whatsoever kind and wheresoever situate, upon certain trusts, as follows:

First: To pay all debts and funeral expenses out of the income, by which decedent says he means to include coal rents or payments made to his estate on account of

the coal from time to time mined under instruments commonly called coal leases.

Second: "To pay over quarterly to my son, Charles D. Shoemaker, the net income of my estate until his arrival at the age of thirty-five years, and upon his reaching said age then and thereupon to convey and transfer unto my said son my entire estate absolutely and discharged of this trust."

Third: It provides for the issue of his son in case of the son's death before reaching the age of thirty-five years.

Fourth: He devises the remainder of his estate to his brothers, Robert C. and William M. Shoemaker, in case of the death of his son under thirty-five years of age without leaving lawful issue, or in case of the death of said issue before reaching twenty-one years of age.

Then follows this clause: "The provision for my son until his arrival at the age of thirty-five years is intended to be free from the claims of any creditor and I therefore direct that the interest and estate given to my son by this will shall not in any way be liable for his debts nor subject to anticipation or assignment by him, nor shall he (or be) until he reaches said age, have power to sell or convey any interest in my estates."

Then follows an annuity for his wife of twelve hundred dollars, and the appointment of Anthracite Savings Bank of Wilkes-Barre as executor of the will, with power to sell real estate. The will is dated February 20, 1892, and on May 3, 1892, decedent made the following codicil:

"I, Frederick M. Shoemaker do hereby make and publish this codicil to my last will and testament bearing date February 20, 1892.

"I do hereby revoke the devise to my son, Charles D. Shoemaker, upon his arriving at the age of thirty-five years, or, in case of his death, to his legitimate issue and direct that my Executor in said will named shall hold my estate in trust to pay to said Charles D. Shoemaker during his life the net income thereof upon the terms and

conditions set forth in said will and at his death shall convey the same to my brothers, Robert C. and William M. Shoemaker, their heirs and assigns."

"The devise to my son, Charles D. Shoemaker, upon his arriving at the age of thirty-five years" which is revoked by the codicil is the absolute devise or bequest to him at that age contained in the second paragraph quoted in full above, after the quarterly payments in trust out of the net income which was provided in the same clause up to that time; and the trust contained in the second paragraph up to the age of thirty-five years is merged in the greater trust to his son during his life contained in the codicil. The second paragraph is thus partly merged and partly revoked by the codicil, so that no part of it is left in force, and in lieu thereof a new trust during the life of his son, Charles D. Shoemaker, is created by the codicil, upon the terms and conditions set forth in the will.

When we look for any terms and conditions in the will, we only find them in the clause following the paragraph numbered "fourth" as follows: "The provision for my son until his arrival at the age of thirty-five years is intended to be free from the claims of any creditor, and I therefore direct that the interest and estate given to my son by this will shall not in any way be liable for his debts nor subject to anticipation or assignment by him, nor shall he until he reaches said age have power to sell or convey any interest in said estate."

If the decedent by the codicil to his will had not intended to impose any terms or conditions upon the trust created by the codicil, he would have stopped when he had directed the executor to hold his estate in trust to pay to said Charles D. Shoemaker during his life the net income thereof, and at his death to pay the same to his brothers, but when he inserts in the codicil after the direction to the executor to hold the estate in trust to pay to his son during his life the net income thereof "upon the terms and conditions set forth in the said will" he

evidently meant to put some restrictions or qualifications upon the grant, and to give the words any meaning we must refer them to the provision making the trust a spendthrift trust, or else the qualifying words have no meaning; for there is absolutely no other "terms and conditions" contained in the will, as there were in Handy's Est., 167 Pa. 552, relied upon by the plaintiff.

Of course, if these terms and conditions contained in the clause following the fourth paragraph are not attached to the trust created by the codicil the interest of the cestui que trust would be subject to an attachment execution: Lewis Bremer's Sons v. C. G. Mohn et al., 169 Pa. 91.

But if the codicil created a spendthrift trust, then his interest cannot be attached.

The court is of the opinion that the estate of C. D. Shoemaker under said will is protected from the collection of his debts and engagements by the codicil to the will, and judgment is therefore entered in favor of the defendant, as stipulated in the case stated.

*Error assigned* was in entering judgment for defendant on case stated.

*G. J. Clark,* with him *Bayard Hand* and *Wm. S. McLean,* for appellant, cited: Handy's Est., 167 Pa. 552.

*P. F. O'Neill,* with him *F. W. Wheaton,* for appellee, cited: Phillips' Est., 1 Dist. Rep. 311.

PER CURIAM, April 22, 1918:
The opinion of the court below entering judgment in favor of the defendant in the case stated, is a complete answer to the assignment of error urged upon our attention, and the judgment is affirmed.